UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALFREDO J. SARARO, III  and
CHRISTOPHER J. SARARO,

    Plaintiffs,

v.                                              Case No:  2:11-cv-31-Ftm-99DNF

U.S. BANK NATIONAL ASSOCIATION,

    Defendant.

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This Cause is before the Court on the Defendant, U.S. Bank National Association as assignee of Capital One, N.A. as assignee of Chevy Chase, FSB's ("U.S. Bank") Motion to Dismiss for Lack of Prosecution and Failure to Comply With Court Order (Doc. 48) filed on March 27, 2013, and Supplemental Motion to Dismiss for Lack of Prosecution and Failure to Comply with Court Orders (Doc. 50) filed on April 18, 2013.  These matters were referred to this Court.

    **I.**    **Background**

    On January 26, 2011, this action was removed and the Complaint (Doc. 2) was filed, and subsequently the Plaintiffs, Alfredo J. Sararo, III and Christopher J. Sararo filed an Amended Complaint (Doc. 17),  Second Amended Complaint (Doc. 25), and February 24, 2012 a Third Amended Complaint for Damages and Demand for Jury Trial (Doc. 32), which is the operative complaint.  The allegations are as follows.  The Plaintiffs purchased Condominium Unit #604, in

Grande Excelsior[1] at the Grand Preserve in Collier County, Florida. (Com.[2] ¶1). The Plaintiffs executed a mortgage in the amount of $1,360,500.00 made payable to Chevy Chase, FSB. (Com. ¶4). Subsequently, the mortgage was assigned to Capital One, N.A. and then later assigned to U.S. National Bank Association. (Com. ¶6). The Plaintiffs claim that Chevy Chase FSB obtained fraudulent and false appraisals to induce the Plaintiffs to purchase the unit. (Com. ¶6). The Plaintiffs asserted a claim for Fraudulent Misrepresentation contending that the bank officers and employees made false oral representations to the Plaintiffs regarding the purchase of the unit including telling the Plaintiffs that the actual market value of the unit greatly exceeded the purchase price which would have given the Plaintiffs great equity in the unit. (Com. ¶¶9, 10). The Plaintiffs initial interest rate was 1.5% with a monthly payment of $3,669.76, and the Defendant guaranteed that for the next five years the payment would not exceed $4,558.93. (Com. ¶11-12). The Plaintiffs made payments until December 2008, at which time the new monthly payment amount rose to $9,700.00 per month. (Com. ¶14). The Plaintiffs were told by the Defendant that the unit had lost half of its value, and that the monthly payments would be $9,700.00 per month and the interest rate would increase to 6.5%. (Com. ¶15).

The Defendant filed an Answer and Affirmative Defenses (Doc. 36) on July 12, 2013. On March 5, 2013, the Court entered an Order (Doc. 47) which among other things allowed counsel for the Plaintiffs to withdraw. The Court provided the Plaintiffs with twenty-one (21) days in which to retain new counsel or file a notice that they were proceeding without the benefit of counsel. The Court cautioned that "[i]f no notice of appearance is filed, and the Plaintiffs do not notify the Court that they are proceeding pro se, within the twenty-one (21) day time period,

---

[1] The Third Amended Complaint lists the condominium as "Grande Excelsion" but it appears that it should be the "Grand Excelsior."
[2] "Com." refers to the Third Amended Complaint for Damages and Demand for Jury Trial (Doc. 32).

then the Court will recommend that this action be dismissed." (Doc. 47, p. 2). No response was filed to the Motion.

On March 27, 2013, the Defendant filed a Motion to Dismiss for Lack of Prosecution and Failure to Comply with Court Order (Doc. 48) citing to the Court's Order (Doc. 47). No response was filed to the Motion. On April 2, 2013, the Court entered an Order to Show Cause (Doc. 49) allowing the Plaintiffs one last opportunity to show good cause why this action should not be dismissed for failure to prosecute citing Local Rule 3.10(a), and requiring the Plaintiffs to have new counsel file a notice of appearance or file a notice that they were proceeding without counsel. No response was filed to the Order to Show Cause. On April 18, 2013, the Defendant filed a Supplemental Motion to Dismiss for Lack of Prosecution and Failure to Comply With Court Orders (Doc. 50) asserting that the Plaintiffs failed to confer to prepare an amended Case Management Report, failed to respond to the Order to Show Cause, failed to provide initial disclosures, failed to respond to discovery, failed to appear for depositions, and failed to coordinate mediation. (Doc. 50, p. 1). No response was filed to the Supplemental Motion.

**II.     Analysis**

The Plaintiffs have failed to comply with orders of the Court and according to the Defendant, the Plaintiffs have failed to prosecute this case. The Court required the Plaintiffs to notify the Court that they had retained counsel or were proceeding without the benefit of counsel, and the Plaintiffs failed to respond. Pursuant to Local Rule 3.10(a) "[w]henever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution." M.D. Fla. L.R. 3.10(a).  The Court allowed the Plaintiffs ample opportunities to retain counsel or notify the

Court that they were proceeding without the benefit of counsel, and the Plaintiffs failed to notify the Court or meet the deadlines set in this case. Therefore, the Court will recommend that this action be dismissed for failure to prosecute.

**IT IS RESPECTFULLY RECOMMEDED:**

The Motion to Dismiss for Lack of Prosecution and Failure to Comply With Court Order (Doc. 48) be **GRANTED**, the Supplemental Motion to Dismiss for Lack of Prosecution and Failure to Comply With Court Order (Doc. 50) be **GRANTED**, and this action be dismissed for failure to prosecute.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on May 8, 2013.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties